*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAWAN PIERCE THURMOND,

        Defendant-Appellant.

UNPUBLISHED
February 19, 2019

No. 339324
Ingham Circuit Court
LC No. 16-000454-FH

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant, Dawan Thurmond, appeals as of right his jury trial conviction of carrying a concealed weapon (CCW), MCL 750.227(2).[1] Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

During an investigation of a large fight that broke out in a parking lot outside a bar, Thurmond was identified as having pointed a gun at one of the participants in the fight. Police approached Thurmond, who was leaning into the passenger side of a vehicle. A gun registered to Thurmond, and matching the description given by the victim, was found in the vehicle. A loaded magazine for the gun was found in the glove compartment. Police subsequently determined that Thurmond's concealed pistol license had expired.

## II. PROSECUTORIAL MISCONDUCT

### A. STANDARD OF REVIEW

---

[1] The jury acquitted Thurmond of charges of assault with a dangerous weapon, MCL 750.82, and possession of a firearm during the commission of a felony, MCL 750.227b.

Thurmond argues that the prosecutor mischaracterized the evidence, vouched for the credibility of the prosecution witnesses, and presented irrelevant and misleading photographs of Thurmond that were taken from his Facebook page. This Court "review[s] de novo claims of prosecutorial misconduct to determine whether defendant was denied a fair and impartial trial." *People v Ackerman*, 257 Mich App 434, 448; 669 NW2d 818 (2003). However, Thurmond failed to object to some of the alleged instances of prosecutorial misconduct. Unpreserved errors are reviewed for plain error affecting substantial rights. *Id*. In such cases, "[r]eversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings, independent of defendant's innocence." *Id*. at 448-449. This Court will not reverse "where a curative instruction could have alleviated any prejudicial effect . . . ." *Id*. at 449.

## B. ANALYSIS

"[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "A defendant's opportunity for a fair trial can be jeopardized when the prosecutor interjects issues broader than the defendant's guilt or innocence." *Id*. at 63-64. "Issues of prosecutorial misconduct are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *Id*. at 64.

Thurmond's first claim of prosecutorial misconduct relates to the prosecutor's decision to present two photographs of him to the jury. The first photograph depicted Thurmond smoking. The victim testified that the person who pointed a gun at him was wearing black, square-framed glasses. Although Thurmond argues that the photograph was being used to attack his character by suggesting to the jury that he smoked cannabis, viewed in context, the photograph was relevant to show that Thurmond wore glasses similar to those described by the victim. Thus, it was relevant to his identity. See MRE 401 (stating that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Accordingly, the prosecutor did not commit misconduct by presenting this photograph to the jury.

Thurmond next contends that the prosecutor improperly sought admission of a photograph that depicted him pointing a gun at a camera. At trial, Thurmond testified that he never flaunted his gun or pointed it at anyone. The prosecutor presented the photograph of Thurmond pointing the gun to refute that testimony. Therefore, in context, the photograph was relevant to an issue at trial: Thurmond's credibility, and the prosecutor did not commit misconduct by presenting it as evidence. See *Ackerman*, 257 Mich App at 448 (stating that a "prosecutor's good-faith effort to admit evidence does not constitute misconduct").

Next, Thurmond asserted that the prosecutor improperly vouched for the credibility of her witnesses by arguing during rebuttal argument that Thurmond and his friend, Michael Alexander, were the only individuals who lied to the jury during their testimony. It is improper for a prosecutor to vouch for a witness's credibility by implying that he or she "has some special knowledge concerning a witness' truthfulness." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 426; 884 NW2d 297 (2015) (quotation marks and citation omitted). However, in his closing argument Thurmond argued that the police witnesses were all lying. "A prosecutor

-2-

may fairly respond to an issue raised by the defendant," including issues of credibility argued in closing remarks. *People v Brown*, 279 Mich App 116, 135; 755 NW2d 664 (2008). Moreover, prosecutors are generally "accorded great latitude regarding their arguments and conduct." *People v Cooper*, 309 Mich App 74, 91; 867 NW2d 452 (2015) (quotation marks and citation omitted). "[A] prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *Jackson*, 313 Mich App at 426 (quotation marks and citation omitted). Consequently, in this case, the prosecutor did not commit misconduct by commenting on the credibility of her witnesses after Thurmond argued that all of the prosecutor's witnesses were lying.

Finally, Thurmond argues that the prosecutor impermissibly argued facts not in evidence during her closing remarks. It is impermissible for a prosecutor to make factual arguments to the jury that are unsupported by the evidence admitted at trial. *People v Unger*, 278 Mich App 210, 241; 749 NW2d 272 (2008). However, prosecutors are typically "free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Id*. at 236. The prosecutor argued:

> What you can use is the testimony and the evidence that you heard is to infer in your mind what was happening on that night. And what you can believe or attempt to wrap your mind around what was happening is Michael Alexander came out of the [bar] that night. He and his friends, specifically one of the Reynolds brothers, got into an altercation in the parking lot, and that altercation would have occurred with the victim . . . . And as a response, Defendant, who is sitting in the car at the time, saw that his friend . . . .

The prosecutor's remarks were supported by the evidence. During her cross-examination of Thurmond, the prosecutor asked about a legal document containing a description of the offense. In that document, Thurmond stated that his friend "Jared Reynolds was returning back to the parking lot and was attacked by a group." Thurmond acknowledged that the legal document was submitted on his behalf and contained an electronic signature, but he denied that it was his "written" signature. Thurmond stated instead that his godmother, who did not have all the facts, drafted the document, based on information gained from his friend Alexander. Despite Thurmond's denial of knowing the contents of the legal document bearing his electronic signature, the prosecutor was free to argue that his statement in the document was, in fact, a true statement of how the event unfolded, including that one of his friends got into a fight. Therefore, the prosecutor's remarks were supported by record evidence.

Moreover, even assuming *arguendo* that the remarks were not completely supported, this portion of the prosecutor's argument pertained to the charges of assault with a dangerous weapon and possession of a firearm during the commission of a felony. Thurmond was acquitted of those charges. Consequently, to the extent that the comments could have prejudiced his defense, a curative instruction would have alleviated any prejudicial effect caused by the argument. *Ackerman*, 257 Mich App at 449. Reversal is not required.

Affirmed.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra